UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Microsoft Corporation, a Washington corporation,

    Plaintiff,

v.

Que Computers, Inc., a Minnesota corporation d/b/a Que Computers; and Yingzhe Qu, as an individual,

    Defendants.

Court File No: 10-4803 ADM/FLN

**COMPLAINT**

**(Injunctive Relief Sought)**

---

## INTRODUCTION

This is an action by Microsoft Corporation ("Microsoft") arising from infringement of Microsoft's copyrights and trademarks in its software programs by Que Computers, Inc., a Minnesota corporation d/b/a Que Computers, and Yingzhe Qu, an individual (collectively "Defendants"). Defendants distributed unauthorized copies of Microsoft software despite the fact that they were permanently enjoined from such illegal activity. Defendants have infringed Microsoft's copyrights and trademarks, violated the Lanham Act by falsely designating the origin of software, and engaged in unfair competition. Microsoft seeks damages, an accounting, the imposition of a constructive trust upon Defendants' illegal profits, and injunctive relief.

## THE PARTIES

1.    Microsoft is a Washington corporation with its principal place of business located at One Microsoft Way, Redmond, Washington. Microsoft develops, markets, distributes and licenses computer software.

2.   Upon information and belief, Que Computers, Inc. is a Minnesota corporation doing business as Que Computers on the Internet and in Minneapolis, Minnesota. Que Computers, Inc. d/b/a Que Computers is engaged in the business of advertising, marketing, and distributing computer software, including purported Microsoft software and components.

3.   Upon information and belief, Defendant Yingzhe Qu is an individual residing in Minnesota. Yingzhe Qu is an officer and/or director of and/or owns and operates Que Computers, Inc. Yingzhe Qu transacts substantial business in this District. Upon information and belief, Yingzhe Qu (a) personally participated in and/or had the right and ability to direct and control the wrongful conduct alleged in this Complaint and (b) derived direct financial benefit from that wrongful conduct.

## JURISDICTION

4.   This Court has subject matter jurisdiction over Microsoft's claims for trademark infringement, copyright infringement and related claims pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, 28 U.S.C. §§ 1331 and 1338(a).

5.   This Court has supplemental jurisdiction over Microsoft's claims arising under the laws of the State of Minnesota pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Microsoft's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

## VENUE

6.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because (a) the acts of infringement and other wrongful conduct alleged occurred in the District of Minnesota; (b) Defendants may be found in the District of Minnesota; and (c) Defendants have a sufficient connection with the District of Minnesota to make venue proper in this district, all as alleged in this Complaint.

## FACTS COMMON TO ALL CLAIMS

7. Microsoft develops, advertises, markets, distributes, and licenses a number of computer software programs. Microsoft's software programs are recorded on discs, and they are packaged and distributed together with associated proprietary materials such as user's guides, user's manuals, end user license agreements, certificates of authenticity, and other related components.

8. <u>Microsoft Windows XP</u>: Microsoft has developed, advertises, markets, distributes, and licenses a software package known as Microsoft Windows XP ("Windows XP"). Windows XP is an operating system for desktop and laptop systems. It performs a number of computer-related operations including, but not limited to, providing support for various applications and allowing remote access to data and applications stored on Windows XP desktops from network connections. Microsoft holds a valid copyright in Windows XP (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft Windows XP, bearing the number TX 5-407-055, is attached hereto as Exhibit 1 and is incorporated by reference.

9. Microsoft has also duly and properly registered a number of trademarks and a service mark in the United States Patent and Trademark Office on the Principal Register, including, but not limited to:

A. "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236, for computer programs and computer programming services;

B. "MICROSOFT," Trademark Registration No. 1,256,083, for computer hardware and software manuals, newsletters, and computer documentation;

C. WINDOWS, Trademark Registration No. 1,872,264 for computer programs and manuals sold as a unit; and

D.   FLAG DESIGN, Trademark Registration No. 2,744,843, for computer software and manuals sold as a unit therewith;

True and correct copies of the Trademark Registrations for A through D above are attached hereto as Exhibits 2 through 5, respectively, and are incorporated by reference.

**Defendants' Infringement**

10.   Defendants are engaged in the advertising, marketing, installation, offering and distribution of computer hardware and software, including programs covered by Microsoft's registered copyrights and bearing Microsoft's registered trademarks or imitations thereof.

11.   On September 21, 1999, Microsoft brought suit against Defendants for infringement of Microsoft's copyrights and trademarks and other related claims (Microsoft Corporation v. Que Computers, Inc., et al., United States District Court for the District of Minnesota, Case No. 9-cv-1437). Defendants stipulated to a Permanent Injunction, which prohibits them, their successors, and all those acting in concert or participation with them from infringing Microsoft's trademarks and copyrights. The Court entered the Stipulated Permanent Injunction on January 5, 2001.

12.   Despite the prior lawsuit and injunction, in or about April 2010, Defendants distributed to an investigator a computer system with an unauthorized copy of Windows XP installed.

13.   In or about September 2010, Defendants distributed to an investigator more computer systems with unauthorized copies of Windows XP installed.

14.   On information and belief, these are not isolated incidents. Rather, Defendants have been and continue to be involved in advertising, marketing, installing, offering, and/or distributing counterfeit and infringing copies of Microsoft's software and/or related components to unidentified persons or entities. On information and belief, Defendants' distributions of purported Microsoft software are the result of Defendants' advertising and marketing the availability of such materials.

15. On information and belief, Defendants' wrongful conduct includes the advertising, marketing, installing, and/or distribution of "infringing materials," specifically reproductions, copies, or colorable imitations of Microsoft's copyrighted materials and/or the Microsoft trademarks, logos, and service mark described in this Complaint.

16. On information and belief, Defendants have committed and are continuing to commit acts of copyright and trademark infringement against Microsoft. On information and belief, at a minimum, Defendants were willfully blind and acted in reckless disregard of Microsoft's registered copyrights and marks.

17. On information and belief, Microsoft has been harmed by the advertising activities, including the unauthorized use of Microsoft's copyright protected material, and the unauthorized use of Microsoft's marks to describe the items that Defendants are distributing. Through this conduct, Defendants have misappropriated Microsoft's advertising ideas and style of doing business and has infringed Microsoft's copyrights, titles, and slogans.

18. On information and belief, the injuries and damages that Microsoft has sustained have been directly and proximately caused by Defendants' wrongful misappropriation of Microsoft's advertising ideas and style of doing business and infringement of Microsoft's copyrights, titles, and slogans.

### COUNT ONE

**[Copyright Infringement -- 17 U.S.C. § 501, et seq.]**

**Against All Defendants**

19. Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 18, inclusive.

20. Microsoft is the sole owner of Microsoft Windows XP, and the corresponding copyright and Certificate of Registration.

21. Defendants have infringed the copyrights in Microsoft's software, including but not limited to Microsoft Windows XP, by distributing infringing materials in the United States of America without approval or authorization from Microsoft.

22. At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered copyrights.

23. As a result of their wrongful conduct, Defendants are liable to Microsoft for copyright infringement. 17 U.S.C. § 501. Microsoft has suffered damages. Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct. 17 U.S.C. § 504. Alternatively, Microsoft is entitled to statutory damages under 17 U.S.C. § 504(c).

24. In addition, because Defendants' infringement has been willful within the meaning of the Copyright Act, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

25. Microsoft is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement harms Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

26. Microsoft is also entitled to recover its attorneys' fees and costs of suit. 17 U.S.C. § 505.

## COUNT TWO

### [Federal Trademark Infringement – 15 U.S.C. § 1114]

### Against All Defendants

27. Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 26, inclusive.

28.  Defendants' activities constitute infringement of Microsoft's federally registered trademarks and service mark in violation of the Lanham Trademark Act, including but not limited to 15 U.S.C. § 1114(1).

29.  Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from the software or products of others in the same field or related fields.

30.  Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software or services of Microsoft.

31.  The infringing materials that Defendants have and are continuing to use, offer, advertise, market, install, or distribute are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

32.  Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that the infringing materials that Defendants are advertising, marketing, installing, or distributing originate with or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public.

33.  Upon information and belief, Defendants used, offered, advertised, marketed, installed or distributed infringing material with the purposes of misleading or confusing customers and the public as to the origin and authenticity of the infringing materials and of trading upon Microsoft's goodwill and business reputation.

34.  At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered marks.

35.  As a result of their wrongful conduct, Defendants are liable to Microsoft for trademark infringement. 15 U.S.C. § 1114(1). Microsoft has suffered, and will continue to suffer, substantial losses. Microsoft is entitled to recover damages, which include any

and all profits Defendants have made as a result of their wrongful conduct. 15 U.S.C. § 1117(a).

36. In addition, because Defendants' infringement of Microsoft's trademarks and service mark was willful within the meaning of the Lanham Act, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. §1117(b). In the alternative, Microsoft is entitled to statutory damages for each counterfeit mark. 15 U.S.C. § 1117(c).

37. Microsoft is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order compelling the impounding of all infringing materials being used, offered, marketed, or distributed by Defendants pursuant to 15 U.S.C. § 1116, subsections (a) and (d)(1)(A). Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's trademarks and service mark are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

38. Microsoft is also entitled to recover its attorneys' fees and costs of suit. 15 U.S.C. § 1117.

## COUNT THREE
### [False Designation Of Origin, False Description And Representation Of Microsoft Packaging--15 U.S.C. § 1125 et seq.]
### Against All Defendants

39. Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 38, inclusive.

40. Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from the software or products of others in the same field or related fields.

41. Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software or services of Microsoft.

42. Microsoft has also designed distinctive and aesthetically pleasing displays, logos, icons, graphic images, and packaging (collectively, "Microsoft visual designs") for its software and related components.

43. Defendants' wrongful conduct includes the use of Microsoft's marks, name, and/or imitation visual designs, specifically displays, logos, icons, graphic designs, and/or packaging virtually indistinguishable from Microsoft visual designs, in connection with its goods and services.

44. Upon information and belief, Defendants engaged in such wrongful conduct with the willful purpose of misleading or confusing customers and the public as to the origin and authenticity of the goods and services offered, marketed or distributed in connection with Microsoft's marks, name, and imitation visual designs, and of trading upon Microsoft's goodwill and business reputation. Defendants' conduct constitutes (a) false designation of origin, (b) false description, and (c) false representation that the imitation visual images originate from or are authorized by Microsoft, all in violation of § 43(a) of the Lanham Trademark Act, set forth at 15 U.S.C. § 1125(a).

45. Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

46. As a result of Defendants' wrongful conduct, Microsoft has suffered and will continue to suffer damages. Microsoft is entitled to injunctive relief and to an order

compelling the impounding of all imitation marks and visual designs being used, offered, advertised, marketed, installed, or distributed by Defendants. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's marks, name and visual designs are unique and valuable property which have no readily-determinable market value, (b) Defendants' advertising, marketing, installation, or distribution of imitation visual designs constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

**COUNT FOUR**

**[Violation of Minnesota Deceptive Trade Practices Act]**

**Against All Defendants**

47. Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 46, inclusive.

48. Defendants' activities constitute violation of the Minnesota Deceptive Trade Practices Act. Minn. Stat. §§ 325D.43-48.

49. Microsoft's trademarks and service mark are the means by which Microsoft's software is distinguished from the software or products of others in the same field or related fields.

50. Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software or services of Microsoft.

51. The infringing materials that Defendants have and are continuing to use, offer, advertise, market, install, or distribute are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

52. Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that the infringing materials that Defendants are advertising, marketing, installing, or distributing originate with or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public.

53. Upon information and belief, Defendants used, offered, advertised, marketed, installed or distributed infringing material with the purposes of misleading or confusing customers and the public as to the origin and authenticity of the infringing materials and of trading upon Microsoft's goodwill and business reputation.

54. At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered marks.

55. As a result of their wrongful conduct, Defendants are liable to Microsoft for violation of the Minnesota Deceptive Trade Practices Act. Minn. Stat. § 325D.44 subd. 1. Microsoft has suffered, and will continue to suffer, substantial losses. Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct.

56. Microsoft is also entitled to injunctive relief pursuant to Minnesota Statutes section 325D.45 subd. 1.

57. Microsoft is also entitled to recover its attorneys' fees and costs of suit. Minn. Stat. § 325D.45 subd. 2.

## COUNT FIVE

### [Minnesota Common Law Unfair Competition]

### Against All Defendants

58. Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 57, inclusive.

59. The acts and conduct of Defendants as alleged above constitute unfair competition pursuant to the common law of the State of Minnesota.

60. Defendants' conduct as alleged above has damaged and will continue to damage Microsoft's goodwill and reputation and has resulted in losses to Microsoft and an illicit gain of profit to Defendants in an amount that is unknown at the present time.

## COUNT SIX

### [Imposition Of A Constructive Trust Upon The Illegal Profits Of All Defendants]

61. Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 60, inclusive.

62. Defendants' conduct constitutes deceptive and wrongful conduct in the nature of passing off the infringing materials as genuine Microsoft software approved or authorized by Microsoft.

63. By virtue of their wrongful conduct, Defendants have illegally received money and profits that rightfully belong to Microsoft.

64. Upon information and belief, Defendants hold the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

65. Defendants hold the money and profits they have illegally received as constructive trustees for the benefit of Microsoft.

## COUNT SEVEN

### [Accounting]

### Against All Defendants

66. Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 65, inclusive.

67. Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to recover any and all profits of Defendants that are attributable to their acts of infringement.

68. Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendants' acts of infringement.

69. The amount of money due from Defendants to Microsoft is unknown to Microsoft and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing material offered for distribution and distributed by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Microsoft respectfully requests judgment against Defendants as follows:

(1) That the Court enter a judgment against Defendants as indicated below:

   (a) that Defendants have willfully infringed Microsoft's rights in the following federally registered copyright under 17 U.S.C. § 501:

   (1) TX 5-407-055 ("Windows XP");

   (b) that Defendants have willfully infringed Microsoft's rights in the following federally registered trademarks and service mark under 15 U.S.C. § 1114:

   (1) 1,200,236 ("MICROSOFT");
   (2) 1,256,083 ("MICROSOFT");
   (3) 1,872,264 ("WINDOWS"); and
   (4) 2,999,281 (COLOR FOUR SQUARE LOGO);

   (c) that Defendants have committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Microsoft as defined in 15 U.S.C. § 1125(a);

   (d) that Defendants have engaged in unfair competition in violation of the common law of the State of Minnesota; and

   (e) that Defendants have otherwise injured the business reputation and business of Microsoft by Defendants' acts and conduct set forth in this Complaint.

(2) That the Court issue injunctive relief against Defendants, and that Defendants, their directors, principals, officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained from:

(a) imitating, copying, or making any other infringing use or infringing distribution of software programs, components and/or items protected by Microsoft's registered trademarks and service mark, including, but not limited to, the following Trademark Registration Nos.:

    (1) 1,200,236 ("MICROSOFT");

    (2) 1,256,083 ("MICROSOFT");

    (3) 1,872,264 ("WINDOWS"); and

    (4) 2,999,281 (COLOR FOUR SQUARE LOGO);

or the software programs, components and/or items protected by the following Certificate of Copyright Registration No.:

    (1) TX 5-407-055 ("Windows XP");

and any other works now or hereafter protected by any Microsoft trademark, service mark, or copyright;

(b) manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any software program, component, and/or item bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered trademarks, service mark, or copyrights, including, but not limited to, the Trademark, Service Mark, and Copyright Registration Numbers listed in Section (2)(a) above;

(c) using any simulation, reproduction, counterfeit, copy, or colorable imitation of Microsoft's registered trademarks, service mark, or copyright including, but not limited to, the Trademark, Service Mark, and Copyright Registration Numbers listed in Section (2)(a) above, in connection with the manufacture, assembly, production,

distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any software program, component, and/or item not authorized or licensed by Microsoft;

(d) using any false designation of origin or false description which can or is likely to lead the trade or public or individuals erroneously to believe that any program, component, and/or item has been manufactured, assembled, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Microsoft, when such is not true in fact;

(e) engaging in any other activity constituting an infringement of any of Microsoft's trademarks, service mark and/or copyrights, or of Microsoft's rights in, or right to use or to exploit these trademarks, service mark, and/or copyrights; and

(f) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

(3) That the Court enter an order pursuant to 15 U.S.C. § 1116(a)(d)(1)(A) and 17 U.S.C. §§ 503 impounding all counterfeit and infringing copies of purported Microsoft software and/or materials bearing any of Microsoft's trademarks or service mark, and any related item, including business records, that is in Defendants' possession or under their control;

(4) That the Court enter an order declaring that Defendants hold in trust, as constructive trustees for the benefit of Microsoft, their illegal profits obtained from their distribution of infringing copies of Microsoft's software, and requiring Defendants to provide Microsoft a full and complete accounting of all amounts due and owing to Microsoft as a result of Defendants' illegal activities.

(5) That the Court order Defendants to pay Microsoft's general, special, actual, and statutory damages as follows:

    (a) Microsoft's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Microsoft's copyrights;

    (b) Microsoft's damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b) for Defendants' willful violation of Microsoft's registered trademarks and service mark, or in the alternative statutory damages pursuant to 15 U.S.C. § 1117(c) for each counterfeit mark; and

    (c) Microsoft's damages and Defendants' profits pursuant to Minnesota common law;

   (6) That the Court order Defendants to pay to Microsoft both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action; and

   (7) That the Court grant to Microsoft such other and additional relief as is just and proper.

Dated: December 3, 2010

                 *[signature]*
                  Bradley J. Lindeman (#0298116)
                  Meagher & Geer, P.L.L.P.
                  33 South Sixth Street, Suite 4400
                  Minneapolis, MN 55402
                  (612) 338-0661

                  ***Attorneys for Microsoft Corporation***

/7616975.2